United States District Court
Southern District of Texas
**ENTERED**
June 25, 2024
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| YAVUZ DURAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-23-4618 |
| UNITED STATES CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Yavuz Duran is a citizen of Turkey seeking asylum in the United States.  His application for asylum status has been pending since 2019.  Mr. Duran is understandably impatient, although he and his wife have permission to remain and work in this country, renewing his Employment Authorization Document in five-year increments, while he waits for agency action.  Dissatisfied with the amount of time the agency is taking, Mr. Duran asks this court to require faster action by jumping him to the head of a long and slow-moving line.  He has sued under the Mandamus Act and the Administrative Procedure Act, asking this court to compel the United States Citizenship and Immigration Services (USCIS) to complete the interview and adjudication of his Form I-589 application for asylum and withholding of removal.  (Docket Entry No. 1 at 6).

The defendants, collectively referred to as the USCIS, respond by arguing that the agency is doing the best it can with inadequate personnel and resources to adjudicate ever-increasing applications.  (Docket Entry No. 11 at 11–14).  The USCIS recognizes the problem of significant delays in processing asylum applications.  Its argument is that the remedy Mr. Duran seeks is not available from this court.  The USCIS moves to dismiss for lack of subject-matter jurisdiction

under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6), and for summary judgment.  (*Id.* at 16–25).

Based on the pleadings, the motions and responses, the record, and the applicable law, the court grants the motion to dismiss Mr. Duran's mandamus application and his claim under the Administrative Procedure Act.  The reasons are set out below.

## I.     The Legal Standards

### A.     Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (quoting *Twombly*, 550 U.S. at 556).

 "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'"  *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the

allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

### B.      Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014).  A motion to dismiss under Rule 12(b)(1) calls into question the district court's subject-matter jurisdiction.  A movant may demonstrate a lack of jurisdiction from (1) the face of the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004).  The party invoking the court's jurisdiction carries the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Courts have a duty to ensure that subject-matter jurisdiction exists. *See Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  When a court discovers that it lacks subject-matter jurisdiction, "*sua sponte* dismissal is mandatory." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021).  Dismissal must, however, be without prejudice to refiling in a forum of competent jurisdiction. *Id.* at 498.

3

C.      **Rule 56**

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fᴇᴅ. R. Cɪᴠ. P. 56(a)).   "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted).   The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial."  *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted).   "However[,] the movant 'need not negate the elements of the nonmovant's case."  *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).   "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion."  *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial."  *Houston v. Tex. Dep't of Agric.*, 17 F.4th

576, 581 (5th Cir. 2021) (quoting references omitted).  The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted).  Of course, all reasonable inferences are drawn in the nonmovant's favor.  *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022).  But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence."  *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## II.    Analysis

The USCIS has cited authority showing that this court cannot compel the USCIS to act more quickly on Mr. Duran's asylum application.  The court agrees that it lacks the authority to order the USCIS to adjudicate Mr. Duran's application when the USCIS has yet to process applications much older than Mr. Duran's.  Under 8 U.S.C. § 1158(d)(7), Mr. Duran does not have a private right of action to enforce the timing provisions of 8 U.S.C. § 1158(d)(5). *See Fangfang Xu v. Cissna*, 434 F. Supp. 3d 43, 52 (S.D.N.Y. 2020) ("Plaintiff has no statutory right to sue Defendants based upon their failure to adjudicate her asylum claim within the time frame laid out in § 1158(d)").

This court also lacks authority to issue mandamus relief to compel the agency to decide Mr. Duran's application under 28 U.S.C. § 1361; timely action is not an agency duty enforceable by an impatient applicant. *Zhu v. Cissna*, 2019 WL 3064458, at *3 (C.D. Cal. Apr. 22, 2019). Even if the court had authority under the Mandamus Act to order the agency to decide Mr. Duran's application, the court would have no basis to do so.  Mr. Duran has provided no reason why his application should be moved to the front of the line at the expense of other applicants who have been waiting at least as long or longer. *See Pesantez v. Johnson*, No. 15-CV-1155, 2015 WL

5

5475655, at *3 (E.D.N.Y. Sept. 17, 2015).   Nor does Mr. Duran provide any information supporting an inference that his application has been singled out for slow treatment.

Mr. Duran argues that this court has authority under § 706(1) of the APA to decide claims that the USCIS has failed to comply with the APA's requirements to complete actions within a reasonable time. (Docket Entry No. 15 at 7).  The court agrees that it has jurisdiction to hear claims under this provision of the APA. *See Xu*, 434 F. Supp. 3d at 52; *Zheng v. Mayorkas*, No. 1:22-CV-95, 2023 WL 4112938, at *5 (N.D. Miss. June 21, 2023).   However, even if the court has jurisdiction over the APA claim, Mr. Duran has failed to state a claim for relief.  Mr. Duran's complaint merely alleges that his application has not yet been adjudicated. (Docket Entry No. 1 at ¶ 11).  Mr. Duran has not shown the delay was unwarranted, beyond reciting the length of time taken to process his application. *See I.N.S. v. Miranda*, 459 U.S. 14, 18 (1982) ("The only indication of negligence is the length of time that the INS took to process respondent's application.  Although the time was indeed long, we cannot say in the absence of evidence to the contrary that the delay was unwarranted.").

Because the court has jurisdiction over the APA claim, and because USCIS has submitted evidence on this issue outside the pleadings—a declaration by John L. Lafferty, Chief of the Asylum Division of the USCIS and Department of Homeland Security—the court treats the defendant's motion on this issue as one for summary judgment.  *See* FED. R. CIV. P. 12.  The USCIS has provided information explaining its delays.  The USCIS has also provided evidence showing that the agency has a large backlog of applications similar to Mr. Duran's.  (Docket Entry No. 11-1 at ¶¶ 33–38).  It has shown that given the surge at the border, the rise in credible fear, reasonable fear, and unaccompanied children's asylum related delays, it lacks the resources to adjudicate asylum petitions in a timely manner.  (*Id.* at ¶¶ 18–20).  The APA does not allow courts

to compel the agency to change the method it uses to schedule and process asylum applications. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 891 (1990) ("[R]espondent cannot seek *wholesale* improvement of this program by court decree, rather than in the offices of the Department or the halls of Congress, where programmatic improvements are normally made."); *Sierra Club v. Peterson*, 228 F.3d 559, 566–67 (5th Cir. 2000).  Mr. Duran has provided no facts or allegations to contradict these arguments, and so cannot sustain a claim under the APA with his conclusory assertions of delay.

Mr. Duran has waited, only to be told that he must wait longer.  The court sympathizes with Mr. Duran's frustration.  But his frustration is shared by many who have waited for years for USCIS to process their applications.  To give Mr. Duran an accelerated place in line would add to the wait another would endure.  Mr. Duran must wait for USCIS to obtain more resources for asylum processing and to clear its backlog.  This court can do neither.

## III.  Conclusion

The motion to dismiss, or for summary judgment, is granted.  (Docket Entry No. 11).  The case is dismissed, with prejudice, for failure to state a claim.  A final judgment will be issued separately.

SIGNED on June 25, 2024, at Houston, Texas.

Lee H. Rosenthal
United States District Judge